IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00154-RPM

GILBERT G. ASUNCION,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security

_____

ORDER VACATING DECISION AND FOR REMAND
_____

   This is a review under 42 U.S.C. § 405(g) of the decision denying Gilbert G. Asuncion's application for disability benefits based on the decision of an Administrative Law Judge (ALJ) dated September 16, 2004.  The decision is reversed because the ALJ failed to consider all of the claimant's impairments in combination and failed to explain his rejection of medical opinions regarding the claimant's mental impairments.  The ALJ also failed to follow established precedent in his evaluation of the claimant's subjective complaints of pain.

   Gilbert Asuncion was born on June 17, 1956.  He is married with four children.  He served in the United States Air Force as an airplane mechanic from 1975 until 1986 when he was discharged because of physical impairments.  He then worked at United Airlines for two years but left because he was physically unable to perform the work.  He then worked as a materials handler for the Postal Service but was involuntarily retired in 1996 because of his physical condition.

   He has had no substantial gainful employment since August 2, 1996.

   While there is some uncertainty with respect to the date of his last insured status, the ALJ accepted that date as March 31, 2002.  The ALJ found that Mr. Asuncion was not disabled

for any 12-month period from August 2, 1996, through March 31, 2002.  The ALJ found and there is no doubt that Mr. Asuncion has substantial exertional limitations resulting from the following impairments.

> The medical evidence establishes that in the relevant period the claimant had severe cervical spine strain with myofascial pain, cervical spondylosis, degenerative changes of the lumbosacral spine, bilateral shoulder impingement, degenerative changes of the bilaterial knees or chondromalacia, asthma or chronic obstructive pulmonary disease, gout and depression....

The ALJ found the claimant unable to perform his past relevant work due to exertional considerations alone but found that he had exertional capacity for sedentary work and there were significant jobs that he could perform.  The findings were largely based on the opinion of a medical witness who testified at the ALJ hearing, Dr. Gayle Humm, M.D., a general surgeon whose medical career was in the United States Army.  Dr. Humm based her opinions upon her review of the medical records without an examination of Mr. Asuncion.

The claimant and his wife testified to the effect of chronic pain on his daily activities.  That testimony is consistent with his history of symptoms as related to health care providers.  Mr. Asuncion has lived at times in the Philippines and received treatment there through the Veterans Administration.  He has a consistent record of medications for pain and for depression.  The Veterans Administration found Mr. Asuncion to be 100% disabled from impairments and the Postal Service retired him for disability.

The medical records show a report from Dr. Linda T. Reyes, M.D., dated December 8, 2000, evaluating the claimant's mental condition as of that date.  Dr. Reyes found that Gilbert Asuncion was being treated for major depression characterized by sleeping problems, somatic complaints, irritable mood with low tolerance to frustration brought about by his inability to become productive and she recommended continued treatment with medications.  That report was as a result of a consultation at the Mariveles Mental Ward in the Philippines.  R. 343.  Dr.

Reyes wrote another report on December 2, 2002, after seeing Mr. Asuncion on November 27, 2002, with his wife. Dr. Reyes continued Mr. Asuncion on medication and wrote that his chronic pain added up to the severity of his depression because any amount of physical activity aggravates the pain. R. 361.

There are voluminous records supporting the exertional limitations due to medical impairments. The ALJ discounted the disability ratings by the Veterans Administration, relying apparently on Dr. Humm's testimony about the manner in which such ratings are given and her opinion of the process. Dr. Humm's resume does not indicate a proper basis for her to express such opinion. The ALJ also refused to consider any medical information after March 31, 2002, indicating that regulations did not permit him to give it consideration. In that the ALJ was wrong both legally and factually. Where there is a long history of depression and mood disorders as reflected in the records in this case and where there is an obvious causal relationship between physical impairments and such depression, it is unreasonable to refuse to consider additional evidence.

The claimant's attorney sent Mr. Asuncion to Dr. Shauna Casement, Psy.D, for a psychological assessment in June, 2004. Dr. Casement submitted a psychological assessment dated July 2, 2004. R. 588-601. She expressed her opinions after interviews and a battery of psychological tests and diagnosed the claimant as having major depressive disorder, severe under the DSM IV. That assessment reflected that the major cause was chronic pain and inability to work and care for his family. The ALJ did not give any consideration to Dr. Casement's report.

After the ALJ's decision, the claimant appealed to the Appeals Council and submitted a February, 2005 Department of Veterans Affairs rating which increased the rating of disability due to major depression to 50% disabling effective October 19, 2000. R. 856-78. The

Appeals Council responded with the form letter denying review and expressing the conclusion that the new evidence had been considered and did not provide a basis for changing the ALJ's decision. R. 16. It difficult to understand that response in that the ALJ gave insufficient consideration to depression and to the effects of chronic pain resulting from objective signs and symptoms of medical impairments reasonably expected to cause such pain. The decision is this case is contrary to the requirements of the law. *Luna v. Bowen,* 834 F.2d 161 (10th Cir. 1987).

Because the decision is flawed both legally and factually, it is

ORDERED that the decision is vacated and this matter remanded to the Commissioner for further evaluation.

DATED: January 29th , 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge